Opinion issued May 8, 2003









In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00838-CR
____________
 
GARRY BERNARD WADE, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 915323
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Garry Bernard Wade, guilty of felony theft and
assessed 10 years in prison. In two points of error, appellant argues the evidence
presented at trial was legally insufficient to establish he committed a theft and there
was a fatal variance between the pleading that the property stolen was Pergo flooring
and the proof that it was a store credit. We affirm.
Background
          On January 13, 2002, Marshall Poe, Jr., a loss prevention investigator for Home
Depot, witnessed appellant enter the store, go to the flooring department, load a
lumber cart with nine boxes of Pergo flooring, take the cart to the refund register, and
exit the store, leaving the cart next to the refund register. Appellant reentered the
store two or three minutes later with a shopping basket that contained store
merchandise. Appellant took the cart he had left in the store with the Pergo flooring
in it and the shopping basket of merchandise to the refund register and obtained a
store credit gift card for the merchandise and the Pergo. After appellant received the
store credit gift card, Poe confronted him, took him to the manager’s office, and
notified the Houston Police Department. Appellant was arrested and taken to jail.
Sufficiency
          In his first point of error, appellant argues that the evidence is insufficient to
prove that he committed theft of Home Depot’s Pergo flooring but that the evidence
only shows a theft of store credit. 
Standard of Review
          In reviewing the legal sufficiency of the evidence, we view the evidence in the
light most favorable to the verdict to determine if any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 563 (Tex. Crim. App. 2000). We consider all evidence presented at
trial, but we do not re-weigh the evidence or substitute our judgment for that of the
jury. Id. at 562.
Theft
          Under Texas law, a person commits the offense of theft if he unlawfully
appropriates property with intent to deprive the owner of property. Tex. Pen. Code
Ann. § 31.03(a) (Vernon 2003). “Appropriate” means to acquire or otherwise
exercise control over property other than real property. Tex. Pen. Code Ann. §
31.01(4)(B) (Vernon 2003). “Deprive” means to restore property only upon payment
of reward or other compensation. Tex. Pen. Code Ann. § 31.01(2)(B) (Vernon
2003). 
          Appellant exercised control over the flooring when he produced the flooring
for a store credit. This “appropriation” led the store to believe he had previously
purchased the flooring. See Tex. Pen. Code Ann. § 31.01 (Vernon 2003). The
evidence supports the jury’s conclusion that appellant appropriated and deprived
Home Depot of its Pergo flooring by receiving a refund in the form of a store credit. 
The evidence presented at the appellant’s trial was legally sufficient so that a rational
trier of fact could find that appellant committed theft. 
          We overrule appellant’s first point of error.
Variance
          In his second point of error, appellant argues that there was a fatal variance
between the pleadings that the property stolen was Pergo flooring and the proof that
it was a store credit. A variance occurs when there is a discrepancy between the
allegations in the indictment and the proof presented at trial. Gollihar v. State, 46
S.W.3d 243, 246 (Tex. Crim. App. 2001). When a sufficiency of evidence claim is
based upon a variance between the indictment and the proof, only a material variance
will render evidence insufficient. Id. The widely-accepted rule is that a variance that
is not prejudicial to a defendant’s substantial rights is immaterial. Id. at 248. In
determining whether a defendant’s substantial rights have been prejudiced, two
questions are generally asked, (1) did the indictment, as written, inform the defendant
of the charge against him sufficiently to allow him to prepare an adequate defense at
trial and (2) would prosecution under the deficiently drafted indictment subject the
defendant to the risk of being prosecuted later for the same crime. Id.
          The indictment alleged that appellant intended to deprive Home Depot of
property by acquiring and exercising control over Pergo flooring. In a motion to
quash the indictment, appellant objected that the indictment failed to allege how the
offense was committed. The trial judge found that the method of how the offense was
committed was immaterial, because the indictment sufficiently informed the
defendant of the charge against him so as to allow him to prepare an adequate defense
at trial. Furthermore, appellant is not at risk of being prosecuted later for the same
crime. We overrule appellant’s second point of error. 
          We affirm the judgment.
 
                                                                        George C. Hanks, Jr.
                                                                        Justice
 
Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).